UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 3 1 2015
```

Trustees of the New York City District Council of
Carpenters Pension Fund, *et al.*,

                        Plaintiffs,

             —v—

Harbor Island Contracting Inc.,

                        Defendant.

14-cv-9507 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

This is an action to confirm an arbitration award.  On March 3, 2015, the Court denied

Plaintiffs' motion for a default judgment as inappropriate in such proceedings,[1] and ordered a

briefing schedule for a motion to confirm the arbitration award.  *See* Dkt. No. 9.  That Order was

served on Defendant on March 4, 2015.  *See* Dkt. No. 10.  On March 20, 2015, Plaintiffs filed

the instant motion to confirm the arbitration award and supporting papers, *see* Dkt. Nos. 12-15,

and all such papers were served on Defendant on March 23, 2015, *see* Dkt. No. 16.  Defendant

has neither appeared nor responded.  The time for response having passed, the Court will now

consider the motion to confirm the arbitration award.  That motion is GRANTED.

**I.     Arbitration Award**

Confirmation of an arbitration award is "a summary proceeding that merely makes what

is already a final arbitration award a judgment of the court and the court must grant the award

unless the award is vacated, modified, or corrected."  *D.H. Blair*, 462 F.3d at 110 (citation and

internal quotation marks omitted).  The arbitrator's decision is granted "significant deference."

*Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756,

760 (2d Cir. 2013).  The award should be confirmed "if a ground for the arbitrator's decision can

---

[1] *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006).

be inferred from the facts of the case," *D.H. Blair*, 462 F.3d at 110 (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)) (quotation marks omitted), and a "barely colorable" justification for the arbitrator's decision will suffice, *id.* Even though confirmation of the award is unopposed, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.*

Here, Plaintiffs have presented evidence through declarations and accompanying exhibits that Defendant was a member of the Building Contractors Association, Inc., and that Defendant agreed to be bound by a collective bargaining agreement (CBA) entered into between that association and the New York City District Council of Carpenters. *See* Powers Decl. Exs. A-B (Dkt. No. 14). The CBA required Defendant to make contributions to the Plaintiff funds for every hour worked by every employee covered by the CBA, and to furnish books and payroll records for audits. *See* Powers Decl. Ex. B at Art. XVI. An attempted audit in December, 2011 led to a dispute that ended up in arbitration under Article XVI, § 7 of the CBA. *See* Powers Decl. ¶¶ 6-8 & Ex. C. The arbitrator held a hearing at which Plaintiffs' counsel was present and Defendant defaulted, and rendered his award in writing on April 21, 2014. Powers Decl. ¶ 9 & Exs. D-E.

The arbitrator found Defendant in violation of the CBA for the period from December 29, 2011 to April 21, 2014, for failure to permit the Plaintiff funds to examine its books and records, and for unpaid principal. The arbitrator determined that Defendant must pay $334,212.48 in principal damages, plus additional amounts for interest, liquidated damages, costs and fees, to bring the total award to $419,513.15. *See* Powers Decl. Ex. E at 2-3.

Plaintiffs' uncontroverted declarations and exhibits establish that there is no genuine issue of material fact, and they are entitled to confirmation of the arbitration award as a matter of law. The exhibits show that Defendant agreed to be bound by the CBA, *see* Powers Decl. Ex. A, including its arbitration provision, *see* Powers Decl. Ex. B at Art. XVI, § 7, and provided Defendant with the notice required thereunder, *see* Powers Decl. Ex. C. The grounds for the

2

arbitrator's decision can be inferred from the record, and are justifiable in light of what has been submitted.

The arbitrator's determination of damages is also entitled to deference, and there is more than the "barely colorable justification" required for confirmation. *See D.H. Blair*, 462 F.3d at 110. The arbitrator awarded Plaintiffs $334,212.48 in estimated unpaid principal, $14,338.97 in interest, a liquidated assessment of $66,842.50, a $1,719.20 promotional fund, court costs of $400, an attorney's fee of $1500, and an arbitrator's fee of $500, for a total of $419,513.15. The reasons for these awards can be inferred from the arbitrator's decision even without all of the underlying documentation in front of the court. Based on the record, that award shall be confirmed.

## II.    Attorneys' Fees and Costs

Plaintiffs have also moved for attorneys' fees and costs. Under 29 U.S.C. § 1132(g)(2), an award of attorneys' fees and costs is mandatory. *See N.Y. State Teamsters Conference Pension & Ret. Fund v. Boening Bros.*, 92 F.3d 127, 135 (2d Cir. 1996). While the Court has discretion to determine a reasonable fee, it must abide by procedural requirements for determining the fee. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Use of the lodestar method—by which a reasonable hourly rate is multiplied by a reasonable number of hours for this case—creates a presumptively reasonable fee. *Id.* The lodestar amount should be comparable to that received by other attorneys who perform the same work, but may be adjusted to account for factors not already included in the lodestar calculation. *Id.* at 167. To support their requested award, Plaintiffs' attorneys must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Innovative Furniture Installations, Inc.*, No. 14-cv-2508 (ER), 2015 WL 1600077, at *5 (S.D.N.Y. Apr. 9, 2015) (quotation marks omitted).

Plaintiffs were represented by two attorneys from the law firm of Virginia & Ambinder, LLP. Associate Michael Isaac billed his time at a rate of $225 per hour, as did associate Nicole

Marimon. Isaac Decl. ¶¶ 3-4. The firm billed legal assistants' time at the rate of $100 per hour. These rates have generally been found to be reasonable within the district. *See Innovative Furniture*, 2015 WL 1600077, at *5; *Trustees of the N.Y. Dist. Council of Carpenters Pension Fund v. Anthony Rivara Contracting, LLC*, No. 14-cv-1794 (PAE), 2014 WL 4369087, at *5 (S.D.N.Y. Sept. 3, 2014).

Between the attorneys and legal assistants involved in litigating this action, Plaintiffs have indicated that they performed 10.1 hours of work on this case. This amount generally falls within the spectrum of what other courts in this district have found reasonable in similar cases. *Compare Innovative Furniture*, 2015 WL 1600077, at *5 & n.2 (32.6 hours, which the court noted was "higher than the hours typically expended in comparable cases") *with Anthony Rivara Contracting*, 2014 WL 4369087, at *5 (5.8 hours) *and Trustees of the N.Y. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13-cv-5096 (KPF), 2013 WL 6498165, at *7 (S.D.N.Y. Dec. 11, 2013) (4.9 hours). However, the Court notes that Plaintiffs' counsel has previously been cautioned that filing a motion for default judgment is inappropriate in an action to confirm an arbitration award, and that continuing to file such facially inadequate motions may result in "some or all of the attorneys' fees and costs not be[ing] awarded." *In re Certain "Default" Motions Brought on Behalf of Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Coop., Pension & Welfare Funds ("Trustees")*, No. 13-cv-6364 (ADS) (GRB), 2015 WL 968125, at *7 (E.D.N.Y. Feb. 27, 2015), *report and recommendation adopted sub nom. Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Coop., Pension & Welfare Funds v. BCM Drilling Co.*, 2015 WL 1247085 (E.D.N.Y. Mar. 18, 2015). Because *In re Certain Default Motions* was decided after Plaintiffs filed for default judgment in this action, the Court will not deduct the hours dedicated to the default judgment motion from Plaintiff's fee award in this action, particularly because the hours Plaintiffs have requested are otherwise reasonable and well within the normal range for cases of this type. However, the same result may not obtain in the future, now that Plaintiffs' counsel has clear

4

notice in this district that default judgment motions in an action to confirm an arbitration award are procedurally inappropriate.

Plaintiffs have also applied for costs of $481.57, which are reasonable and adequately supported by the record. *See* Isaac Decl. ¶ 8 & Ex. A.

Accordingly, Plaintiffs' applications for attorneys' fees of $1,853.13 and costs of $481.57 is GRANTED.

### III.    Conclusion

For the foregoing reasons, Plaintiffs' motion for confirmation of the arbitration award is GRANTED.  This resolves Docket No. 12.  The Clerk is requested to enter judgment consistent with this Order and terminate the case.

SO ORDERED.

Dated: Aug 31 , 2015
New York, New York

ALISON J. NATHAN
United States District Judge